IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

In Re:                                )
                                      )
    STEPHANIE LEE,                )      CASE NO: 19-70859
                                      )      CHAPTER 13
    Debtor.                       )
                                      )
_____

OBJECTION TO CONFIRMATION
_____

TitleMax of Alabama, Inc. ("TitleMax"), objects to the confirmation of the Debtor's proposed bankruptcy plan. In support of its objection, TitleMax shows:

1. The debt at issue stems from a pawn transaction on a 2017 Mazda Mazda6 the Debtor entered on April 24, 2019. A copy of the pawn ticket and title are attached as Exhibit A. TitleMax has a properly recorded lien on the title.

2. Under the pawn contract, the Debtor was to repay $10,000.00 plus a pawnshop charge of $1,299.00 on or before May 24, 2019.

3. The contract matured on May 24, 2019. Under Alabama law, the Debtor had thirty days from the date of maturity to redeem the vehicle. ALA. CODE § 5-19A-6. The Debtor did not act to redeem the vehicle within that period.

4. On May 21, 2019, the Debtor filed a Chapter 13 petition. The Debtor has filed a plan proposing to pay TitleMax over the life of the plan.

5. The only right of the Debtor's estate is the right conferred by state law. *In re Lewis*, 137 F.3d 1280, 1283 (11th Cir. 1998) (citing *Southtrust Bank of Alabama v. Thomas*, 883 F.2d 991, 995 (11th Cir. 1989)). Alabama Code § 5-19A-2(3) defines a pawn transaction as a

"loan on the security of pledged goods on condition that the pledged goods are left with the pawnbroker and may be redeemed or repurchased by the seller for a fixed price within a fixed period of time." Pledged goods are defined as "tangible personal property other than choses in action, securities, or printed evidences of indebtedness, which property is purchased by, deposited with, or otherwise actually delivered into the possession of, a pawnbroker in connection with a pawn transaction." ALA. CODE § 5-19A-2(6).

6. The Code specifies that a pledgor may redeem or repurchase the pledged goods. § 5-19A-9(a). A pledgor does not have to redeem the pledged goods, but if the Debtor does not redeem the pledged goods, he forfeits them to the pawnbroker. § 5-19A-6. The Code also specifies that a pledgor may redeem or repurchase the pledged goods. § 5-19A-9(a). If the Debtor does not redeem the pledged goods on or before the maturity date, the pawnbroker holds the goods for 30 days and the pledgor or seller may redeem or repurchase the goods within the 30-day period by paying the originally agreed upon redemption price plus another pawnshop charge. § 5-19A-10. Once the redemption period expires, the Debtor automatically forfeits the vehicle and absolute right, title and interest vests in the pawnbroker. § 5-19A-6. Thus, the only right held by the Debtor under Alabama law is the right to *redeem* the pledged property in the period allotted, nothing more.

7. *In re Lewis* addressed an ownership interest in a repossessed vehicle. *Lewis*, 137 F.3d at 1283. The debtor argued that the repossessed vehicle should be property of the estate under Alabama's version of the commercial code. *Id.* at 1282. The appellate court held that while the debtor's estate had an interest in the automobile under federal law, its

Page 2 of 5

Case 19-70859-JHH13    Doc 19    Filed 08/13/19    Entered 08/13/19 11:27:21    Desc Main
Document    Page 2 of 5

interest was only a right of redemption under state law. *Id.* at 1284. State law controls pawn contracts. *See generally* ALA. CODE § 5-19A-1, et seq. Thus, the only right the estate retains is the right to redeem the goods within the statutory period, extended by the filing of the bankruptcy petition.

8. The Debtor's proposed plan would impermissibly extend the statutory redemption period for the vehicle at issue. The Debtor's only recourse was to redeem the vehicle by a lump-sum payment within the requisite redemption period. *Smith v. Commercial Fed. Mortgage Corp. v. Smith*, 85 F.3d 1555, 1561 (11th Cir. 1996); *In re Jones*, 304 B.R. 462, 466 (Bankr. N.D. Ala. 2003). Under 11 U.S.C. § 108(b), the Debtor may extend the statutory redemption period for 60 days by filing a bankruptcy petition. *In re Bramlett*, 483 B.R. 244, 246 (N.D. Ala. 2012). The filing of a bankruptcy petition does not stay the running of the redemption period beyond 60 days. *In re Northington*, 876 F.3d 1302, 1313-15 (11th Cir. 2017). Thus, Debtor had until July 20, 2019, 60 days after the filing of the petition, to redeem the vehicle. The Debtor's plan cannot modify TitleMax's right to the vehicle. *Id.* at 1315-16.

9. The Debtor's plan impermissibly tries to convert her obligation to redeem the vehicle into a debt she can pay through her bankruptcy plan. *In re Jones*, 304 B.R. 462, 468 (N.D. Ala. 2003); 11 U.S.C. § 1322. The Debtor's plan improperly treats the vehicle as if the Debtor owned it subject to an ordinary security interest instead of as pawned property. The only right held by the Debtor, after pawning the vehicle at issue, was the right to redeem the property. The bankruptcy laws do not allow for the extension of the statutory period throughout the life of the Debtor's proposed plan. *Northington*, 876 F.3d at 1313-15.

10. The filing of the bankruptcy petition did not freeze the statutory right of redemption in place, and after the expiration of the 60-day period, the Debtor automatically forfeits the vehicle and absolute right, title and interest vest in TitleMax. *Northington*, 876 F.3d at 1311; ALA. CODE § 5-19A-6. In *Northington*, the 11th Circuit addressed the effect of a bankruptcy filing made before the expiration of a statutory redemption period in a pawn transaction. The court made clear that while a pawned vehicle becomes part of the bankruptcy estate if a petition is filed before the redemption period expires, the vehicle stops being property of the estate after the expiration of the redemption period. *Id.* at 1315. Here, the bankruptcy petition was filed before the expiration of the redemption period, but the Debtor did not redeem the vehicle before the expiration of the 60-day period. Thus, the vehicle is no longer part of the bankruptcy estate nor subject to modification in the Debtor's Chapter 13 plan.

For these reasons, TitleMax of Alabama, Inc., asks that the Debtor's proposed plan be denied confirmation because it improperly tries to grant the Debtor an extended period to redeem the vehicle, which she has already forfeited with rights vesting in TitleMax.

Respectfully Submitted,

/s/ Gage C. Smythe
Jeffrey L. Ingram, Esq.
Gage C. Smythe, Esq.

Page 4 of 5

Case 19-70859-JHH13    Doc 19    Filed 08/13/19    Entered 08/13/19 11:27:21    Desc Main
Document      Page 4 of 5

OF COUNSEL:
GALESE & INGRAM, P.C.
800 Shades Creek Pkwy, Suite 300
Birmingham, Alabama 35209
Tel:    (205) 870-0663
Fax:    (205) 870-0681
Email: jeff@galese-ingram.com
       gage@galese-ingram.com

**CERTIFICATE OF SERVICE**

      I hereby certify that I have served a copy of the above and foregoing pleading upon all parties of records on this 13th day of August, 2019 as follows:

Debtor's Attorney
John W Stahl
810 28th Ave
Tuscaloosa, AL 35401
Stahllaw1@netzero.com

Bankruptcy Trustee
C. David Cottingham
701 22nd Ave, Suite 4
P.O. Drawer 020588
Tuscaloosa, AL 35402
dcottingham@ch13tuscaloosa.com

                              /s/ Gage C. Smythe